IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE WALKING COMPANY HOLDINGS, INC., | ) | Case No. 18-10474 (___) |
| | ) | |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| THE WALKING COMPANY, | ) | Case No. 18-10475 (___) |
| | ) | |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BIG DOG USA, INC., | ) | Case No. 18-10476 (___) |
| | ) | |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FOOTSMART, INC., | ) | Case No. 18-10477 (___) |
| | ) | |
| Debtor. | ) | |

**DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby move (the "Motion") the Court for the entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local

Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors state as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## Background

4. On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtors' chapter 11 cases.

5. The Walking Company ("TWC") is a manufacturer and leading specialty retailer of comfort footwear and related accessories, including brands: ABEO®, Dansko, ECCO, Umberto Raffini, Taos, Tara M., Naot, J. Koda, Birkenstock, Keen, Beautifeel, Mephisto, Sofft, Earth, Born, Rockport, Olukai, Merrell, ASICS, Rieker, Softwalk, Trotters, Zealand and more. TWC operates over 200 "The Walking Company" stores and an online sales channel primarily via thewalkingcompany.com. TWC manufactures footwear and accessories under the ABEO® brand and others.

6. Big Dog USA, Inc. ("Big Dog") manufactures and supplies active wear and accessories for men, women, and children. The company offers tees, shirts, fleece, hoodies, pants, shorts, lounges, boxers, outerwear, tops, pajamas, accessories, and more. Big Dog sells its products online through www.bigdogs.com.

7. Since 1989, FootSmart, Inc. ("FootSmart") has become the largest direct retailer of foot and lower body healthcare products in the country and a destination for over 3,000 carefully curated comfort footwear products, body health solutions, and pain-relieving products. FootSmart is an authoritative resource in the selection and recommendation of the best wellness solutions designed specifically to treat and prevent common ailments of the feet, legs, knees and back. Among its top comfort brands are Easy Spirit, Clarks, Merrell, ABEO® biomechanical footwear, and many more offered online at www.footsmart.com.

8. The factual background regarding the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Andrew D. Feshbach, President and Chief Executive Officer, in Support of First Day Pleadings* (the "First Day Declaration") filed concurrently herewith and fully incorporated herein by reference[1].

**Relief Requested**

9. By this Motion, the Debtors seek entry of an order directing the joint administration of their chapter 11 cases and the consolidation thereof for procedural purposes only. The Debtors also request that the caption of their chapter 11 cases be modified to reflect their joint administration as follows:

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE WALKING COMPANY HOLDINGS, INC., et al.,[1] | ) ) ) | Case No. 18-10474 (___) |
| | ) | (Jointly Administered) |
| Debtors. | | |

---
[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: The Walking Company Holdings, Inc. (8665); The Walking Company (2061); Big Dog USA, Inc. (5316); and FootSmart, Inc. (9736). The headquarters and service address for the above-captioned Debtors is 25 W. Anapamu, Santa Barbara, CA 93101.

10. In addition, the Debtors request that the Court direct the Clerk of this Court (the "Clerk") to make a notation substantially similar to the following on the docket of each Debtor:

---
[1] Capitalized term used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

4

An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only. The docket in Case No.18-_____ (___) should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order: The Walking Company Holdings, Inc., Case No. 18-_____ (___); The Walking Company, Case No. 18-_____ (___); Big Dog USA, Inc., Case No. 18-_____ (___); and FootSmart, Inc., Case 18-_____ (___).

11. Finally, the Debtors request that the Court permit use of a combined service list and correspondingly combined notices.

### Basis For Relief

12. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, joint administration is permissible. *See* Fed. R. Bankr. P. 1015(b). Additionally, Rule 1015-1 of the Local Rules permits entry of such an order without notice or a hearing so long as the Debtors demonstrate that such treatment is warranted.

13. Joint administration is warranted in these chapter 11 cases because (a) the Debtors' financial affairs and business operations are closely related and (b) such administration will ease the administrative burden on the Court and other parties.

14. With respect to the proximity of relations, the Debtors are under common ownership and management. They also share many creditors and parties in interest. As a result, joint administration will prevent duplicative efforts and unnecessary expenses, without any risk of prejudice.

15. Joint administration is generally non-controversial, and courts in this district routinely order joint administration in cases with multiple related debtors. *See, e.g., In re Charming Charlie Holdings Inc.*, No. 17-12906 (CSS) (Bankr. D. Del. Dec. 13, 2017) (directing

5

joint administration of chapter 11 cases); *In re GST AutoLeather, Inc.*, No. 17-12100 (LSS) (Bankr. D. Del. Oct. 4, 2017) (same); *In re True Religion Apparel, Inc.*, No. 17-11460 (CSS) (Bankr. D. Del. July 6, 2017) (same); *In re Wet Seal, LLC (2017)*, No. 17-10229 (CSS) (Bankr. D. Del. Feb. 3, 2017) (same).[2]

16. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect all of the Debtors. With four affiliated debtors, each with its own case docket, the failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Clerk with the volume of paper.

17. Joint administration will permit the Clerk to use a single general docket for all of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that such parties in interest in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in all of these cases.

18. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth in paragraph 9 of this Motion.

19. The Debtors submit that use of the simplified caption, without reference in the caption to the additional Debtors and their states of incorporation, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

20. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights, nor shall such relief be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee also will be simplified.

### No Previous Request

21. No previous motion or application for the relief sought herein has been made to this or any other court.

### Notice

22. Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) Choate, Hall & Stewart LLP (Attn: Kevin J. Simard, Esq.), and Womble Bond Dickinson (Attn: Matthew P. Ward, Esq., ) counsel for the DIP Agent, DIP Term Agent, the Prepetition Senior Agent, and the Prepetition Term Agent; (c) Irell & Manella LLP (Attn: Jeffrey M. Reisner, Esq.), counsel to the Prepetition Subordinated Creditors, and (d) the Debtors' thirty largest unsecured creditors on a consolidated basis. As the Motion is seeking "first day" relief, within two business days after the

7

hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (a) authorizing the joint administration of the Debtors' cases for procedural purposes only, (b) directing the Clerk to make the docket entries set forth herein, and (c) granting such other and further relief as is proper.

Dated: March 6, 2018

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)
James E. O'Neill (DE Bar No. 4042)
Victoria A. Newmark (CA Bar No. 183581)
919 N. Market Street, 17th Floor
Wilmington, DE 91899
Tel: (302) 652-4100
Fax: (302) 652-4400
E-mail: joneill@pszjlaw.com
jpomerantz@pszjlaw.com
jdulberg@pszjlaw.com
vnewmark@pszjlaw.com

Proposed Attorneys for Debtors and Debtors in Possession