**Exhibit 1**

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE WALKING COMPANY HOLDINGS, INC., et al.,[1] | ) ) | Case No.: 18-10474 (___) Joint Administration Requested |
| | ) | |
| Debtors. | ) | |

**DEBTORS' MOTION FOR ORDER: (I) AUTHORIZING DEBTORS TO FILE (A) CONSOLIDATED LIST OF CREDITORS AND (B) CONSOLIDATED LIST OF DEBTORS' TOP THIRTY UNSECURED CREDITORS; AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors") in these chapter 11 cases, hereby move this Court (the "Motion") for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105 and 521 of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1001-1(c), 1007-2, and 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (i) authorizing the Debtors to file (a) a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtors and (b) a consolidated list of the Debtors' thirty (30) largest general unsecured creditors; and (ii) granting related relief.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: The Walking Company Holdings, Inc. (8665); The Walking Company (2061); Big Dog USA, Inc. (5316); and FootSmart, Inc. (9736). The headquarters and service address for the above-captioned Debtors is 25 W. Anapamu, Santa Barbara, CA 93101.

JOCKET # 5

DATE 3-6-18

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 521(a)(1), of the Bankruptcy Code, as supplemented by Bankruptcy Rules 1007(a)(1) and (d) and Local Rules 1001-1(c) and 1007-2.

## Background

4. On the date hereof (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Concurrently herewith, the Debtors have filed a motion with this Court requesting joint administration of the Debtors' chapter 11 cases (the "Cases") for procedural purposes only. The Debtors are operating their business and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the

appointment of a trustee or an examiner in these cases, and no official committee has yet been appointed by the Office of the United States Trustee.

5.  The Walking Company ("TWC") is a manufacturer and leading specialty retailer of comfort footwear and related accessories, including brands: ABEO®, Dansko, ECCO, Umberto Raffini, Taos, Tara M., Naot, J. Koda, Birkenstock, Keen, Beautifeel, Mephisto, Sofft, Earth, Born, Rockport, Olukai, Merrell, ASICS, Rieker, Softwalk, Trotters, Zealand and more. TWC operates over 200 "The Walking Company" stores and an online sales channel primarily via thewalkingcompany.com. TWC manufactures footwear and accessories under the ABEO® brand and others.

6.  Big Dog USA, Inc. ("Big Dog") manufactures and supplies active wear and accessories for men, women, and children. The company offers tees, shirts, fleece, hoodies, pants, shorts, lounges, boxers, outerwear, tops, pajamas, accessories, and more. Big Dog sells its products online through www.bigdogs.com.

7.  Since 1989, FootSmart, Inc. ("FootSmart") has become the largest direct retailer of foot and lower body healthcare products in the country and a destination for over 3,000 carefully curated comfort footwear products, body health solutions, and pain-relieving products. FootSmart is an authoritative resource in the selection and recommendation of the best wellness solutions designed specifically to treat and prevent common ailments of the feet, legs, knees and back. Among its top comfort brands are Easy Spirit, Clarks, Merrell, ABEO® biomechanical footwear, and many more offered online at www.footsmart.com.

8. The factual background regarding the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Andrew D. Feshbach, President and Chief Executive Officer, in Support of First Day Pleadings* (the "First Day Declaration") filed concurrently herewith and fully incorporated herein by reference[2].

## Relief Requested

9. By this Motion, the Debtors seek entry of an order (i) authorizing the Debtors to file (a) a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor and (b) a consolidated list of the Debtors' thirty (30) largest unsecured creditors; and (ii) granting related relief.

## Basis for Relief

**A.    Request for Authority to File Consolidated List of Creditors in Lieu of Submitting Separate Mailing Matrices for Each Debtor**

10. Local Rule 1007-2 provides that, in a voluntary chapter 11 case, the debtor must file "a list containing the name and complete address of each creditor in such format as directed by the Clerk's Office Procedures." Local Rule 2002-1(f)(v) requires each debtor in jointly administered cases to maintain a separate creditor mailing matrix. Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interest of justice."

11. The Debtors presently maintain computerized lists of the names and addresses of their respective creditors that are entitled to receive notices and other documents in

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

4

these chapter 11 cases. The lists are maintained without regard for which entity a party may have a relationship with. The Debtors believe that the information as maintained in computer files (or those of their agents) may be utilized efficiently to provide interested parties with notices and other similar documents as contemplated by Local Rule 1007-2 on a consolidated basis. Requiring the Debtors to submit Debtor-specific creditor matrices for each of the Debtors would be an unnecessarily burdensome task and would likely result in duplicate mailings. Accordingly, by this Motion, the Debtors seek authority to file the lists on a consolidated basis, identifying their creditors in the format or formats currently maintained in the ordinary course of the Debtors' businesses.

12. Moreover, concurrently with this Motion, the Debtors have filed an application (the "Agent Application") seeking the appointment of Kurtzman Carson Consultants ("Agent") as noticing, balloting and disbursing agent in these chapter 11 cases. If the Agent Application is granted, Agent will, among other things, (a) assist with the consolidation of the Debtors' computer records into a creditor and security holder database and (b) complete the mailing of notices and other documents in these chapter 11 cases to the parties in these databases. After consultation with Agent, the Debtors believe that filing the lists in the formats currently maintained in the ordinary course of business will be sufficient to permit Agent to notice promptly all applicable parties as required by Local Rule 1007-2.

13. The Court has granted relief similar to the relief requested herein since the modifications to Local Rule 2002-1(f)(v) took effect. *See, e.g., In re True Religion Apparel, Inc.*, Case No. 17-11460 (BLS) (Bankr. D. Del. July 6, 2017) (authorizing filing of a

5

consolidated list of creditors in lieu of separate mailing matrices); *In re Central Grocers, Inc.*, Case No. 17-10993 (LSS) (Bankr. D. Del. May 4, 2017) (same); *In re American Apparel, Inc.*, Case No. 15-12055 (BLS) (Bankr. D. Del. Oct. 13, 2015) (same); *In re AWI Delaware, Inc.*, No. 14-12092 (KJC) (Bankr. D. Del. Sept. 10, 2014) (same); *In re Entegra Power Group LLC*, No. 14-11859 (PJW) (Bankr. D. Del. Aug. 6, 2014) (same).

**B.     Request for Authority to File Consolidated List of
       Debtors' Top Thirty Unsecured Creditors**

14.     Pursuant to Bankruptcy Rule 1007(d), a chapter 11 debtor must file with its voluntary petition a list setting forth the names, addresses, and claim amounts of the creditors, excluding insiders, holding the twenty largest unsecured claims in the debtor's case (a "Top 20 List"). This Top 20 List is primarily used by the United States Trustee (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against the debtor and thus identify potential candidates to serve on an official committee of unsecured creditors appointed in the debtor's case pursuant to section 1102 of the Bankruptcy Code.

15.     The Debtors request authority to file a single list of their thirty (30) largest general unsecured creditors on a consolidated basis. Because the Top 20 Lists could overlap, and certain Debtors may have fewer than twenty identifiable unsecured creditors, the Debtors submit that filing separate Top 20 Lists for each Debtor would be of limited utility. In addition, given the worldwide location of many of their general unsecured creditors, the exercise of compiling separate Top 20 Lists for each individual Debtor could consume an excessive amount of the company's limited time and resources, and could constitute a distraction of management's attention otherwise needed on operations at the start of these chapter 11 cases. Finally, the

6

Debtors believe a single, consolidated list of the company's thirty (30) largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors.

16. Therefore, the Debtors respectfully request authorization to file a single consolidated list of their thirty (30) largest unsecured creditors in these cases (the "<u>Consolidated Top 30 List</u>").

17. The Debtors believe that such relief is not only appropriate under the circumstances, but necessary for the efficient and orderly administration of these cases.

## Notice

18. Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) Choate, Hall & Stewart LLP (Attn: Kevin J. Simard, Esq.), and Womble Bond Dickinson (Attn: Matthew P. Ward, Esq.,) counsel for the DIP Agent, DIP Term Agent, the Prepetition Senior Agent, and the Prepetition Term Agent; (c) Irell & Manella LLP (Attn: Jeffrey M. Reisner, Esq.), counsel to the Prepetition Subordinated Creditors, and (d) the Debtors' thirty largest unsecured creditors on a consolidated basis. As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

19. No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an order (i) granting the relief requested herein and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated:  March 6, 2018              PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)
James E. O'Neill (DE Bar No. 4042)
Victoria A. Newmark (CA Bar No. 183581)
919 N. Market Street, 17th Floor
Wilmington, DE 91899
Tel: (302) 652-4100
Fax: (302) 652-4400
E-mail: jpomerantz@pszjlaw.com
        jdulberg@pszjlaw.com
        joneill@pszjlaw.com
        vnewmark@pszjlaw.com

Proposed Attorneys for Debtors and Debtors in Possession

# EXHIBIT A

**(Proposed Order)**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE WALKING COMPANY HOLDINGS, | ) Case No.: 18-10474 (___) |
| INC., et al.,[1] | ) Joint Administration Requested |
| | ) |
| Debtors. | ) |

**ORDER (I) AUTHORIZING THE DEBTORS FILE (A) CONSOLIDATED LIST OF CREDITORS AND (B) CONSOLIDATED LIST OF DEBTORS TOP THIRTY UNSECURED CREDITORS; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors"), for entry of an order pursuant to sections 105 and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 1001-1(c) and 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) authorizing the Debtors to file (a) a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor and (b) a consolidated list of the Debtors' thirty (30) largest unsecured creditors; and (ii) granting related relief; and upon consideration of the First Day Declaration; and adequate notice of the Motion having been given as set forth in the Motion; and it appearing that no other

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: The Walking Company Holdings, Inc. (8665); The Walking Company (2061); Big Dog USA, Inc. (5316); and FootSmart, Inc. (9736). The headquarters and service address for the above-captioned Debtors is 25 W. Anapamu, Santa Barbara, CA 93101.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, their creditors, and the parties in interest; and upon the record in these proceedings; and after due deliberation;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The requirement of Local Rule 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor is permanently waived.

3. The Debtors are authorized to submit a consolidated list of their top thirty (30) unsecured creditors.

4. Notwithstanding any provision in the Federal Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order

Dated: _____, 2018

_____
UNITED STATES BANKRUPTCY JUDGE