# **EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE WALKING COMPANY HOLDINGS, INC., et al.,[1] | ) Case No.: 18-10474 (LSS) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) **Related Docket No. 20** |

**ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS**

Upon the *Debtors' Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of these Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is necessary to the ongoing orderly operation of the Debtors' business and is in the best interests of the Debtors, their estates, and their creditors; and it appearing that the notice of the Motion having been given as set forth herein was appropriate and that no other or further notice need by given; and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: The Walking Company Holdings, Inc. (8665); The Walking Company (2061); Big Dog USA, Inc. (5316); and FootSmart, Inc. (9736). The headquarters and service address for the above-captioned Debtors is 25 W. Anapamu, Santa Barbara, CA 93101.

[2] Capitalized terms used herein and not otherwise defined shall have the same meaning as in the Motion.

objections, if any, to the Motion having been overruled, withdrawn, or otherwise resolved at the hearing; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Subject to the procedures set forth below, the Debtors are authorized to retain and employ, effective as of the Petition Date, the Ordinary Course Professionals listed on Exhibit B to the Motion (collectively, the "Ordinary Course Professionals"), without the need to file separate, formal retention applications for each Ordinary Course Professional and obtain retention orders for each.

3. Within five (5) business days after the date of entry of this Order, the Debtors shall serve this Order and the form of Declaration attached to the Motion as Exhibit C upon each Ordinary Course Professional.

4. On the later of (a) fourteen (14) days after the entry of this Order or (b) prior to the date an Ordinary Course Professional provides any services to the Debtors following the Petition Date, each such Ordinary Course Professional shall file with this Court, and serve upon (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: James E. O'Neill, Esq.; and Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Attn: Jeffrey W. Dulberg, Esq.; (b) counsel to the DIP Agent, DIP Term Agent, the Prepetition Senior Agent, and the Prepetition Term Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Kevin J. Simard, Esq., and Womble Bond Dickinson, 222 Delaware Avenue, 15th Floor, Wilmington, DE

19801, Attn: Matthew P. Ward, Esq.; (c) counsel to the Prepetition Subordinated Creditors, Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067-4276, Attn: Jeffrey M. Reisner, Esq.; (d) the Office of the United States Trustee, 844 King Street, Suite 2207 Lockbox 35, Wilmington, DE 19801; and (e) counsel to the official committee of unsecured creditors, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178, Attn: Robert L. LeHane, Esq. and Jason R. Adams, Esq., and local counsel to the official committee of unsecured creditors, Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801-3062, Attn: Domenic E. Pacitti, Esq. and Sally E. Veghte, Esq. (collectively, the "Notice Parties"), a disclosure declaration of the proposed professional (the "Declaration") in substantially the form attached to the Motion as Exhibit C, which includes the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest; (b) a description of the proposed scope of services to be provided by such Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure; (e) to the extent that such Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began postpetition; and (f) any amounts that were due to the Ordinary Course Professional prior to the Petition Date and remained unpaid as of the Petition Date.

5. The Notice Parties shall have ten (10) days after service of each Ordinary Course Professional's Declaration (the "Objection Period") to object to the retention of such professional. Any such objections shall be timely served upon the Ordinary Course Professional

to whom the objection applies, the Debtors, and the other Notice Parties. If any such objection is filed and cannot be resolved and/or withdrawn within ~~twenty (20)~~fourteen (14) days after service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the Debtors at a mutually convenient time. If no timely objection is filed and received in respect of each Ordinary Course Professional, or if any objection is withdrawn, the Debtors shall be authorized to retain such Ordinary Course Professional as a final matter without further order of this Court. Nothing herein shall preclude an Ordinary Course Professional from applying to the Court, pursuant to sections 330 and 331 of the Bankruptcy Code, for compensation for all work performed on behalf of the Debtors from the date a Declaration is filed until such retention request is denied by the Court or withdrawn by the Debtors.

6. The Debtors may not make any payments to any Ordinary Course Professionals unless (i) such Ordinary Course Professional has filed the ~~Affidavit~~Declaration, (ii) the Objection Period has expired, and (iii) no timely objection is pending, or, if a timely objection is received, (a) the objection is resolved and withdrawn or (b) such retention is otherwise approved by the Court.

7. The Debtors are authorized, without need for further hearing or order from this Court, to employ and retain Ordinary Course Professionals not currently listed on Exhibit B to the Motion by filing with this Court, and serving on the other Notice Parties, a Supplemental Notice listing the name of such proposed Ordinary Course Professional, together with a brief description of the services to be rendered, and by otherwise complying with the terms of this Order, including, without limitation, the procedures set forth in paragraphs 4, 5, and 6 hereof.

8. The Debtors are authorized to pay to each Ordinary Course Professional and any other Ordinary Course Professionals retained pursuant to the terms of this Order, one hundred percent (100%) of each such Ordinary Course Professional's fees and expenses, in the manner customarily made by the Debtors; provided, however, that the fees and disbursements for any one Ordinary Course Professional shall not exceed a total of $50,000 per month on average over a rolling four-month period, unless otherwise authorized by this Court (the "Monthly Cap") and the aggregate cap for all Ordinary Course Professionals shall not exceed $100,000.00 per month. Each Ordinary Course Professional must submit reasonably detailed billing statements indicating the nature of the services rendered, calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' normal right to dispute any such billing statements), to the Notice Parties.

9. ~~If in any given month the fees and expenses for any one Ordinary Course Professional exceed the Ordinary Course Professional's Monthly Cap, such Ordinary Course Professional shall be required to apply for approval by this Court of all such Ordinary Course Professional's excess fees and expenses for such month. Such Ordinary Course Professional may be paid for amounts below the Monthly Cap in accordance with the procedures approved herein. No Ordinary Course Professional shall be required to submit quarterly or final fee applications solely because such Ordinary Course Professional's fees and expenses exceeded its Monthly Cap, provided that such Ordinary Course Professional obtained Court approval of its excess fees and expenses for such month in accordance with this paragraph.~~

9. <u>To the extent an Ordinary Course Professional seeks compensation in excess of the Monthly Cap, the Ordinary Course Professional shall file with the Court and serve on the Notice Parties a fee application for its fees and expenses for the month or months the Monthly Cap was exceeded in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.</u>

10. All payments to any one Ordinary Course Professional shall be subject to sections 328(c) and 330 of the Bankruptcy Code, which provides generally that the Court may deny allowance of compensation for services and reimbursement of expenses if such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed or for reasons set forth in section 330 of the Bankruptcy Code. In addition to the limits set forth in this Order, all payments to an Ordinary Course Professional are further subject to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

11. Within thirty (30) days after the last day of March, June, September and December of each year <u>in which</u> these Cases are pending, the Debtors shall file with this Court and serve upon the Notice Parties a statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses

incurred by such Ordinary Course Professional during the statement period; and (c) a short statement of the type of services rendered by such Ordinary Course Professional.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2018

HONORABLE LAURIE SELBER SILVERSTEIN<br>UNITED STATES BANKRUPTCY JUDGE