IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE WALKING COMPANY HOLDINGS, INC., et al.,[1] | ) ) ) | Case No.: 18-10474 (LSS) |
| | ) | Jointly Administered |
| Debtors. | ) | |

Hearing Date: October 26, 2018 at 10:00 a.m. (ET)
Obj. Deadline: October 9, 2018 at 4:00 p.m. (ET)

## THE REORGANIZED DEBTORS' SECOND OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN (I) AMENDED CLAIMS, AND (II) INSUFFICIENT DOCUMENTATION CLAIMS

**THIS OBJECTION SEEKS TO RECLASSIFY AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION OR ANY FURTHER OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBITS A AND B</u> ATTACHED TO THIS OBJECTION.**

The Reorganized Debtors in the above-captioned matter (the "Debtors") hereby respectfully represent as follows in support of this objection (this "Objection"):

### Relief Requested

1. By this Objection, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors seek to modify the claims listed on **Exhibits A and B** annexed hereto, for the reasons set forth below.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers include: The Walking Company Holdings, Inc. (8665); The Walking Company (2061); Big Dog USA, Inc. (5316); and FootSmart, Inc. (9736). The headquarters and service address for the above-captioned Debtors is 25 W. Anapamu, Santa Barbara, CA 93101.

2. The proofs of claim listed on **Exhibit A** under the heading "Amended Claim Number to be Disallowed" (collectively, the "Amended and Superseded Claims") have been amended and superseded by the subsequently filed claims identified on the Exhibit under the heading "Remaining Claim Number" (collectively, the "Superseded Surviving Claims").

3. Each proof of claim listed on **Exhibit B** (collectively, the "Insufficient Documentation Claims") do not include adequate information or documentation and the Debtors have been unable to ascertain any basis for the liabilities asserted in the Insufficient Documentation Claims. Because the Insufficient Documentation Claims fail to provide *prima facie* evidence of the validity and amount of the claim they assert, the Debtors request that the Court disallow and expunge the Insufficient Documentation Claims.

4. In support of this Objection, the Debtors submit the declaration of Julie Saltoun, Assistant General Counsel of The Walking Company Holdings, Inc., the Walking Company, and Big Dog Sportswear (the "Saltoun Declaration"), a copy of which has been filed contemporaneously herewith.

5. A proposed form of order granting the relief requested herein on a final basis is annexed hereto as **Exhibit C** (the "Proposed Order").

### Jurisdiction

6. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013–1(f), the Debtors consent to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments

consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

7. On March 6, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. During the chapter 11 cases, the Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner was appointed in any of the Debtors' cases. On March 20, 2018, the United States Trustee appointed the Official Committee Of Unsecured Creditors (the "Committee").

8. On April 5, 2018, the Court entered the *Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 194] (the "Bar Date Order"). The Bar Date Order established May 22, 2018, as the general bar date for all claims arising prior to the Petition Date, including 503(b)(9) claims. The Bar Date Order also established September 3, 2018, as the governmental bar date for Governmental Units (as defined in section 101(27) of the Bankruptcy Code)to file proofs of claims.

9. On June 13, 2018 [Docket No. 359], the Court entered an order confirming the *Debtors' First Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan").

10. On June 29, 2018, pursuant to the satisfaction of the conditions set forth in Article IX of the Plan, the Effective Date occurred, the Plan was substantially consummated, and the Debtors emerged from chapter 11 as a reorganized enterprise.

11. Additional information regarding the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' business and

capital structure is set forth in the *Declaration of Andrew D. Feshbach in Support of First Day Motions* [Docket No. 3].

## Amended and Superseded Claims

12. The Debtors and their representatives have examined the Amended and Superseded Claims listed on **Exhibit A** annexed hereto, and based upon a review of the claims register, the Debtors have determined that each Amended and Superseded Claim has been amended and superseded by the corresponding subsequently filed Superseded Surviving Claim.

13. As set forth in the Saltoun Declaration, the Debtors and their representatives reviewed each claimant's relationship and dealings with the Debtors, the documents attached to the Amended and Superseded Claims, and the claims register and determined that they should be disallowed and expunged from the claims register.

## Insufficient Documentation Claims

14. The Insufficient Documentation Claims listed on **Exhibit B** annexed hereto do not include adequate information or documentation. As set forth in the Saltoun Declaration, the Debtors and their representatives have examined the Insufficient Documentation Claims, based upon the Debtors' books and records, determined that the Insufficient Documentation Claims do not include sufficient information or documentation to ascertain the validity or amount of such claims. Specifically, the Insufficient Documentation Claims either attach no documentation or attach insufficient documentation to support the existence of a claim against the Debtors. Because the Insufficient Documentation Claims fail to provide *prima facie* evidence of the validity and amount of the claim they assert, the Debtors request that the Court disallow and expunge in their entirety the Insufficient Documentation Claims.

**Basis for Relief Requested**

15. When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *see also In re Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *In re Allegheny Int'l, Inc.*, 954 F.2d at 173. A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity. *Id.* In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* at 173-74. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 174. Ultimately, the burden of persuasion is on the claimant. *Id.*

16. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Pursuant to Bankruptcy Rule 3007(d), a debtor is permitted to file omnibus objections to more than one claim on the bases enumerated therein, which include, among other things, that such claims "[do] not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance." Fed. R. Bankr. P. 3007(d)(5)-(6). In addition, pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that it has a "right to payment" for the asserted liability. *See*

11 U.S.C. §§ 101(5), 101(10).[2] By contrast, there is no right to payment — and therefore no claim — to the extent that the asserted liability is not due and owing by a debtor.

17. <u>Amended and Superseded Claims</u>. As set forth in the Saltoun Declaration, based on a review of the claims register, the Debtors have determined that the Amended and Superseded Claims listed on **Exhibit A** are unenforceable under any applicable law or agreement. Failure to expunge and disallow the Amended and Superseded Claims will result in claims that have been improperly asserted against the Debtors to remain on the claims register. Accordingly, to avoid the possibility of multiple recoveries and to maintain a more accurate claims register, the Debtors submit that the Amended and Superseded Claims should be disallowed and expunged from the claims register.

18. <u>Insufficient Documentation Claims</u>. As set forth in the Saltoun Declaration, the Insufficient Documentation Claims listed on **Exhibit B** either contain no supporting documentation or information or do not contain sufficient documentation to substantiate the claims asserted therein as required by Bankruptcy Rule 3001. The Debtors and their representatives have reviewed the Debtors' books and records and, after reasonable efforts, have been unable to locate any documentation that would substantiate the Insufficient Documentation Claims, whether in full or in part. Accordingly, the Insufficient Documentation Claims fail to provide *prima facie* evidence of the validity and any amount of the claim they assert, as required by section 502 of the Bankruptcy Code and Bankruptcy Rule 3001(f), and the Debtors request that the Court disallow and expunge in their entirety the Insufficient Documentation Claims.

---

[2] Section 101(10) of the Bankruptcy Code defines a "creditor" in pertinent part as "an entity that has a claim against the debtor." 11 U.S.C. § 101(10). Section 101(5) in turn defines a "claim" as a "right to payment" or "the right to an equitable remedy for breach of performance if such breach gives rise to a right for payment." 11 U.S.C. § 101(5).

## Responses to this Objection

19.     To contest the determinations made as to the claims included in this Objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **October 9, 2018 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline"). Each Response to this Objection must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon the following entities, so as to be actually received by no later than the Response Deadline:

> PACHULSKI STANG ZIEHL & JONES LLP
> Attn: James E. O'Neill, Esq. & Joseph M. Mulvihill, Esq.
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, DE 19899

20.     Each Response to this Objection must, at a minimum, contain the following information:

   i.   a caption setting forth the name of the Court, the name of the Debtor, the lead case number, and the title of the Objection to which the Response is directed;

   ii.  the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

   iii. the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

   iv.  all documentation and other evidence in support of the claim, not previously filed with the Court or the former claims agent, upon which the claimant will rely in opposing this Objection; and

   v.   the name, address, telephone number, fax number and/or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the claim on behalf of the claimant.

21. If a claimant fails to timely file and serve a Response by the Response Deadline, the Debtors may present to the Court an appropriate order modifying the Misclassified Claims and expunging the No Liability Claims without further notice to the claimant or a hearing.

22. The Debtors may file and serve a reply to any Response in accordance with the Local Rules. The Debtors reserves the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

### Separate Contested Matters

23. To the extent a Response is filed regarding any claim listed in this Objection and the Debtors are unable to resolve the Response, the objection by the Debtors to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

### Reservation of Rights

24. The Debtors hereby reserve the right to object in the future to any of the proofs of claim listed in this Objection on any ground, and to amend, modify, and/or supplement this Objection to the extent an objection to a claim is not granted.

### Compliance with Local Rule 3007-1

25. To the best of the Debtors' knowledge and belief, this Objection and related exhibits comply with Local Rule 3007-1. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

## Notice

26. Notice of this Objection has been provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) each party listed on **Exhibits A and B** annexed hereto under the heading "*Claimant*"; and (iii) all parties who have requested service of notices in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that such notice is sufficient under the circumstances.

## No Previous Request

27. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 24, 2018

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
Wilmington, DE 91899
Tel: (302) 652-4100
Fax: (302) 652-4400
E-mail: joneill@pszjlaw.com
       jpomerantz@pszjlaw.com
       jdulberg@pszjlaw.com
       jmulvihill@pszjlaw.com

Attorneys for Debtors and Debtors in Possession